UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN KOHUTE,<br><br>                              Petitioner,<br><br>      v.<br><br>U.S. PENTAGON OFFICE, *et al.*,<br><br>                              Respondents. | Case No. 3:26-cv-00111-ART-CSD<br><br>ORDER |

Kevin Kohute, who is incarcerated at the Smith County Jail, in Tyler, Texas, initiated this habeas corpus action, *pro se*, on February 13, 2026, by submitting for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1). This action will be summarily dismissed.

Kohute has not paid the filing fee for this action, and he has not filed an application to proceed *in forma pauperis*.

Furthermore, the Court has examined Kohute's petition and determines that it is frivolous and wholly without merit, and that this Court is without jurisdiction to adjudicate it.

Kohute complains about his incarceration at the jail in Tyler, Texas, and about events that he believes occurred around Tyler and elsewhere—but not in Nevada. He does not allege any connection at all to the State of Nevada. He names as a respondent the "U.S. Pentagon Office," and, because he used a form petition provided by this Court, the Attorney General of the State of Nevada is automatically named as a respondent in the caption of the form. (*See* ECF No. 1-1.) But again, he alleges no connection to the State of Nevada. Most importantly, no person with custody of Kohute is within the jurisdiction of this Court, so this Court could not possibly grant Kohute habeas corpus relief. This Court is therefore without jurisdiction over this action. "District Courts are

1

limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)).

The Court recognizes that it has discretion to transfer this case to the federal district court with jurisdiction over the Smith County Jail, which would be the United States District Court for the Eastern District of Texas, were it in furtherance of justice to do so. *See* 28 U.S.C. § 1631; 28 U.S.C. § 2241(d). But the Court has examined Kohute's petition and determines that it is frivolous and wholly without merit; it does not allege specific facts, or assert a valid legal ground, on which federal habeas corpus relief could possibly be granted. Therefore, the Court will summarily dismiss this action.

It is therefore ordered that this action is dismissed without prejudice. The petitioner is denied a certificate of appealability. The Clerk of the Court is kindly directed to enter judgment accordingly and close this case.

DATED THIS 19th day of February, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2